UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
GILEAD SCIENCES, Inc., *et al.*,     :
                                     :
                Plaintiffs,     :    Case No. 24-CV-4259 (NCM) (JAM)
                                     :
       v.                           :
                                     :
PETER KHAIM, *et al.*,               :
                                     :
                Defendants.     :
------------------------------------X

## [PROPOSED] CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs in the above captioned action ("Action") have moved that the Court enter a confidentiality order ("Confidentiality Order");

WHEREAS, Plaintiffs have shared this proposed order with counsel for all Defendants who have appeared in this case and no counsel raised an objection.

WHEREAS, the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public and the Court;

NOW, THEREFORE, for good cause shown, it is hereby ORDERED that any person subject to this Confidentiality Order—including, without limitation, the parties to this Action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Confidentiality Order—shall adhere to the following terms:

    1.    <u>Scope</u>. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents, deposition testimony, exhibits and transcripts, any other information or material or things produced, given or exchanged and any information contained therein or derived directly therefrom, including, without limitation,

documents, materials and things produced pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure in this Action (hereinafter collectively "Discovery Material"), shall be subject to this Confidentiality Order as defined below.  This Confidentiality Order applies to documents produced pursuant to discovery requests in this action and does not apply to documents previously disclosed pursuant to Court order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nothing in this Confidentiality Order shall prevent disclosure beyond the terms of this Confidentiality Order if the designating party consents in writing to such disclosure or if the Court allows such disclosure.

2. <u>Confidential Information</u>. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY ORDER" by any Party, non-Party, person or entity producing Discovery Material in this Action ("Producing Party") that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. The identification of Discovery Material with either of these designations is referred to herein as a "Confidential Designation."

3. <u>Designation</u>.

(a) A Producing Party may designate a Discovery Material as Confidential Information for protection under this Order by affixing, stamping or otherwise clearly marking the words "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" to every page in a location that makes the Confidential Designation readily apparent and on all copies in a manner that will not interfere with the legibility of the Discovery Material. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The Confidential Designation shall be applied prior to or at the time of the documents are produced or disclosed. Applying the Confidentiality Designation to Discovery Material does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of Discovery Material as "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" is a certification by counsel or a party appearing pro se that the Discovery Material contains non-public, confidential, proprietary, commercially sensitive information, and/or information subject to a legally protected right of privacy which has been subject to reasonable efforts by the Producing Party to maintain its confidentiality and which has not otherwise been disclosed except within the

context of a non-disclosure agreement or within the context of an express or implied confidential relationship.

4. <u>Depositions</u>. Any party may designate deposition testimony with a Confidential Designation on the record at the time the testimony is taken. Except for the portions of the testimony so designated, unless all parties present at the deposition agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until no later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Confidentiality Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. For all depositions taken before the entry of this Confidentiality Order, the Parties will have 30 days from the entry of this Confidentiality Order to designate any such testimony, transcripts, or exhibits under this Confidentiality Order.

5. <u>Protection of Confidential Information.</u>

    (a) <u>General Protections</u>. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    (b) <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third

person or entity except as set forth in subparagraphs (1)-(11) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Outside and in-house counsel for the parties and employees of counsel who have responsibility for the Action;

(2) Individual parties and up to two (2) employees of a party, but only to the extent counsel determines in good faith that the disclosure of Confidential Information to the employee is necessary to the conduct of the litigation; and that the names of the employees to whom Confidential Information is disclosed shall be provided in-writing to the Producing Party before any Confidential Information so designated is disclosed;

(3) The Court and its personnel;

(4) Court reporters and recorders engaged for depositions;

(5) Those persons specifically engaged for the limited purpose of making copies of Discovery Materials or organizing or processing Discovery Materials, including outside vendors hired to process electronically stored Discovery Materials;

(6) Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this Action but only after such persons have completed the certification contained in Exhibit A, Endorsement of [Proposed] Confidentiality Order;

(7) During their depositions, witnesses in this Action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Discovery

Materials containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Confidentiality Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Confidentiality Order;

(8) The author or recipient of the Discovery Materials (not including a person who received the Discovery Materials in the course of litigation);

(9) Gilead's employees who support Gilead's anti-counterfeiting efforts;

(10) Government agencies, including those responsible for law enforcement, if a party receives a request from a government agency for disclosure of Confidential Information; and

(11) Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) <u>Control of Discovery Materials</u>. To preserve the security of Confidential Information by protecting against unauthorized breaches of systems on which Confidential Information is stored, the parties shall take steps at least equal to measures they employ to preserve the data-security of their own Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Confidentiality Order for a period of three years after the termination of the Action. Counsel shall physically store, maintain, and transmit Confidential Information solely within the United States.

6. <u>Confidential Information Disclosure by a Non-Party</u>. For 30 days after a non-party makes disclosures in this proceeding, the entire disclosure shall be treated as Confidential Information under this Confidentiality Order. Within the 30-day period, the non-party or a party in this Action may notify all other parties that all or specific portions of the disclosure are Confidential Information. Thereafter, the designated portions shall remain subject to this Confidentiality Order.

7. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate Discovery Material as Confidential Information does not, standing alone, waive the right to so designate the Discovery Material; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Confidentiality Order, even if inadvertent, waives any protection for deposition testimony. If a party designates Discovery Material as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Discovery Material is treated in accordance with the provisions of this Confidentiality Order. No party shall be found to have violated this Confidentiality Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the Discovery Material is subsequently designated Confidential Information.

8. <u>Filing of Confidential Information</u>. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Eastern District of New York's Steps for E-Filing Sealed Documents – Civil Cases, available at https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf.

9. <u>No Greater Protection of Specific Discovery Material</u>. Except on privilege grounds not addressed by this Confidentiality Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Confidentiality Order unless the party moves for an order providing such special protection.

10. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation of any Discovery Material as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) <u>Meet and Confer</u>. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the Discovery Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) <u>Judicial Intervention</u>. A party that elects to challenge a Confidential Designation may file and serve a motion that identifies the challenged Confidential Designation and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this Confidentiality Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Confidentiality Order.

11.     <u>Action by the Court</u>. Applications to the Court for an order relating to Discovery Material with a Confidentiality Designation shall be by motion. Nothing in this Confidentiality Order or any action or agreement of a party under this Confidentiality Order limits the Court's power to make orders concerning the disclosure Discovery Material in discovery or at trial.

12.     <u>Use of Confidential Information at Trial</u>. Nothing in this Confidentiality Order shall be construed to affect the use of any Discovery Material at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Discovery Material at trial.

13.     <u>Confidential Information Subpoenaed or Ordered Produced in Other Civil Litigation</u>.

(a)     If a receiving party is served with a subpoena or an order issued in other civil litigation that would compel disclosure of any Discovery Material in this Action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Confidentiality Order. In addition, the receiving party must deliver a copy of this Confidentiality Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Confidentiality Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the designating party will have the burden of demonstrating the propriety of filing under seal.

15. <u>Obligations on Conclusion of Litigation</u>.

(a) <u>Confidentiality Order Continues in Force</u>. Unless otherwise agreed or ordered, this Confidentiality Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Obligations at Conclusion of Litigation</u>. Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Discovery Material containing Confidentiality Designations under this Confidentiality Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the Discovery Material has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent

practicable in lieu of return; or (3) as to Discovery Material bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) <u>Retention of Work Product and One Set of Filed Discovery Material</u>. Notwithstanding the above requirements to return or destroy Discovery Material, counsel may retain (1) attorney work product, including but not limited to an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all Discovery Material filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Confidentiality Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) <u>Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System</u>. Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. <u>Confidentiality Order Subject to Modification</u>. This Confidentiality Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. <u>No Prior Judicial Determination</u>. This Confidentiality Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material containing Confidentiality Designations is entitled to protection under Rule 26(c) of the

Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Discovery Material or issue.

      18.    <u>Persons Bound</u>. This Confidentiality Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Confidentiality Order by its terms.

DATED: August 26, 2024
           Brooklyn, New York

**IT IS SO ORDERED.**

*Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------x
GILEAD SCIENCES, INC., *et al.*,          :
:
                Plaintiffs,          :   Case No. 24-CV-4259 (NCM) (JAM)
:
      v.                                       :
:
PETER KHAIM, *et al.*,                    :   **ENDORSEMENT OF [PROPOSED]**
:   **CONFIDENTIALITY ORDER**
                Defendants.          :
---------------------------------x

# EXHIBIT A

      I hereby attest that I understand that information or documents designated as Confidential Information are provided to me subject to the Order dated _____ ____, 2024 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Information pursuant to the Order.

      I agree that I shall not use Confidential Information for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Confidential Information, in any form whatsoever, to others.

      I further agree to return or destroy Confidential Information in my possession, custody, or control in the manner and time specified by the Order.

      I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information will continue even after this Litigation concludes.

      I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: _____

By: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
GILEAD SCIENCES, INC., et al.,              :
                                            :
                     Plaintiffs,            :    Case No. 24-CV-4259 (NCM) (JAM)
                                            :
           v.                               :
                                            :
PETER KHAIM, et al.,                        :
                                            :
                     Defendants.            :
----------------------------------------------------------------- x
```

## PROPOSED QUALIFIED HIPAA PROTECTIVE ORDER

WHEREAS, this case involves allegations of counterfeit medications that may cause injury to patients and the resale of medications collected from patients or pharmacies and/or involving fraudulent prescriptions;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), Plaintiffs request that the Court issue a qualified protective order covering protected health information; and

WHEREAS, Plaintiffs have shared this proposed order with counsel for all Defendants who have appeared in this case and no counsel raised an objection;

NOW, THEREFORE, for good cause shown, it is hereby ORDERED as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" of third-parties and non-parties to parties, third-parties, and non-parties and their attorneys and representatives to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.

1

Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing the parties in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information only for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that

counsel are not required to secure the return or destruction of protected health information submitted to the Court.

7.     This Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R § 160.103.

8.     Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9.     This Order does not address the relevance, discoverability, or admissibility of any protected health information, and notwithstanding entry of this Order the parties maintain the right to object to the discovery or use of protected health information based on relevance, admissibility, or other proper grounds.

10.    This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file protected health information under seal.

DATED:  August 26, 2024

IT IS SO ORDERED.

*Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge
