UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES LLC,

                                  Plaintiffs,

     -against-

PETER KHAIM, *et al.*,

                                  Defendants.
------------------------------------------------------------------------x

**OPINION AND ORDER**

24-CV-4259
(Merle, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Presently before the Court are two discovery motions. First, Plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences LLC (collectively "Gilead") move to compel Defendant Irina Polvanova to respond to Gilead's July 2, 2024 discovery requests. Second, Gilead moves to compel Ms. Polvanova to respond to Gilead's subpoena seeking two categories of information: (i) documents sufficient to show the source of all payments from or on behalf of Ms. Polvanova to the law firm representing her, Moses & Singer LLP; and (ii) documents sufficient to show the dates and amounts of all payments from or on behalf of Ms. Polvanova received by Moses & Singer.

For the reasons set forth below, Gilead's discovery motions are granted in part and denied in part.

**I.    Relevant Background**

The Court assumes the parties' familiarity with the allegations contained in this action. Gilead is a pharmaceutical company engaged in the business of developing and marketing a "large portfolio of lifesaving medications"—many of which possess "well-established and famous" registered trademarks that appear on the packaging, tablet, and "instructional outserts" of various

drugs. Dkt. No. 1 at ¶¶ 13-15. Gilead's portfolio includes "drugs for the treatment or prevention of HIV" which bear certain established trademarks denoting authenticity. *Id.*

Following the receipt of "multiple complaints" from patients and pharmacies who had purchased Gilead-branded products from a pharmaceutical distributor (*id.* at ¶¶ 73-75) and investigations involving Gilead's own "in-house experts" and an "outside laboratory" (*id.* at ¶ 74), Gilead became aware of a conspiracy involving "more than a hundred thousand bottles of counterfeit Gilead medications" generating millions in illicit proceeds. *Id.* at ¶ 75.

Gilead began this action on June 17, 2024, alleging that Defendants have participated in a counterfeiting conspiracy involving Gilead-branded medications. *See generally* Dkt. No. 1. Gilead brings claims against Defendants for trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114); false descriptions and false designations of origin in commerce in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125); false advertising in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125); trademark dilution in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125) and New York General Business Law § 360-l; deceptive business practices in violation of New York General Business Law § 349; and common-law unjust enrichment and unfair competition. *Id*. at ¶ 12; 142-198.[1]

Gilead alleges that defendant Ms. Polvanova "supervised, ratified, and/or personally participated in the trafficking of counterfeit Gilead medications." *Id.* at ¶ 48. Ms. Polvanova is alleged to have engaged in such actions through her ownership of Galaxy RX Inc., an "active single-location retail pharmacy located in Queens" through which she allegedly purchased and sold counterfeit HIV medications. *Id.* at ¶¶ 49, 140. Gilead also alleges that Ms. Polvanova

---

[1] This is Gilead's second action in this district related to the alleged conspiracy; the first action remains pending before this Court. *See Gilead Scis., Inc. v. Safe Chain Sols. LLC*, No. 21-CV-4106 (AMD) (JAM) (E.D.N.Y.) ("*Gilead I*").

participated in a money laundering scheme involving payments to other Defendants in this action to "disguise the nature of the payments." *Id.*

Ms. Polvanova has been subject to an Asset Freeze Order since June 18, 2024 (Dkt. No. 13), which was converted to a Preliminary Injunction on July 16, 2024 (Dkt. No. 85). Ms. Polvanova is also a defendant in a criminal action pending in the United States District Court for the Southern District of New York captioned *United States of America v. Boris Aminov, Christy Corvalan, Irina Polvanova, Roman Shamalov, Antonio Payano, David Fernandez, Crystal Medina, Juan Hernandez a/k/a "Pop," and Albert Yagudayev, a/k/a "Jeff,"* No. 23-CR-110 (MKV) (the "Criminal Action"). According to Ms. Polvanova, in the Criminal Action, Ms. Polvanova is alleged to have engaged "in a scheme to defraud Medicaid, Medicare, and private insurance companies out of millions of dollars through the trafficking of black-market HIV medication." Dkt. No. 115 at 3-4.

On August 27, 2024, Ms. Polvanova filed a motion to stay discovery for 90 days pending the outcome of a criminal action proceeding against her in the Southern District of New York. *See* Dkt. No. 115. Ms. Polvanova argued that a stay "is necessary to protect [her] Fifth Amendment rights, which will be unduly prejudiced if she is required to defend this case while her criminal charges are pending." Dkt. No. 115. The Court then ordered Ms. Polvanova to file a supplemental letter in support of her motion addressing the Second Circuit's decision in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d. Cir. 2012), which Ms. Polvanova filed on September 3, 2024. *See* Dkt. No. 121. Plaintiffs opposed Ms. Polvanova's motion to stay (Dkt. No. 125), and Ms. Polvanova filed a reply in support of her motion (Dkt. No. 129).

On September 12, 2024, the Court held an initial conference in which it set a discovery schedule. *See* Minute Entry dated September 12, 2024. The Court ordered, *inter alia*, that all fact

discovery shall be completed by February 12, 2025 and that all discovery, including expert discovery, shall be completed by June 13, 2025.  *See id.*   The Court added that "[n]o extension of the [] deadlines will be granted except upon a motion, filed prior to the deadline and consistent with Judge Marutollo's Individual Practices and Rules, showing good cause for the extension.  The parties are reminded that 'a finding of good cause depends on the diligence of the moving party.'  *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)."  *Id.*

On September 20, 2024, the undersigned granted in part and denied in part, Ms. Polvanova's motion, staying discovery related to Ms. Polvanova through her change of plea hearing on October 1, 2024.  *See* Text Order dated September 20, 2024.

On October 2, 2024, Ms. Polvanova renewed her motion stay until the conclusion of sentencing, which Gilead opposed.  *See* Dkt. Nos. 133, 134.

After hearing argument from the parties and reserving ruling, the undersigned denied Ms. Polvanova's motion to stay on October 10, 2024.  *See* Dkt. No. 141.  Ms. Polvanova appealed to the Honorable Natasha C. Merle, United States District Judge, on October 28, 2024.  *See* Dkt. No. 143.  On December 17, 2024, Judge Merle denied Ms. Polvanova's appeal and rejected her request for a stay of discovery.  *See* Dkt. No. 168.

**II.    Discussion**

    **A.    Gilead's motion to compel Ms. Polvanova to respond to Gilead's July 2, 2024 discovery requests**

On December 20, 2024, Gilead asserted that Ms. Polvanova's deadline to respond to Gilead's July 2, 2024 discovery requests is "long overdue."  Dkt. No. 169.  In light of Judge Merle's ruling affirming the undersigned's discovery order (Dkt. No. 168), Gilead requests that the Court order Ms. Polvanova to: (1) respond to Gilead's discovery requests by December 30,

4

2024; (2) complete any document production by January 17, 2025; and (3) appear for a deposition no later than January 31, 2025. Dkt. No. 169 at 2.

In response, Ms. Polvanova argues that prior to Judge Merle's December 17, 2024 order, discovery was effectively stayed. Further, Ms. Polvanova argues that her counsel is currently out of the country and will return to the United States on December 23, 2024. *See id.* at 2. At that time, "counsel will begin reviewing discovery requests made by [Gilead]." *Id.* Ms. Polvanova's counsel argues that there are "extreme time limitations due to holiday schedules and office closures disrupting the next 2 weeks," but Ms. Polvanova will nonetheless "endeavor to contact [Gilead's] counsel and discuss an orderly way to proceed regarding scheduling." *Id.* Ms. Polvanova's counsel adds that "mandatory mediation statements [in this case] have to be drafted and are required to be filed on January 3rd for the Mediation scheduled for January 13th." *Id.* Finally, Ms. Polvanova's counsel notes that they will be drafting comprehensive sentencing submissions in advance of Ms. Polvanova's sentencing on February 5, 2024. *See id.*

In light of Ms. Polvanova's willingness to "discuss an orderly way to proceed regarding scheduling" (Dkt. No. 169), and in light of the anticipated January 13, 2025 mediation, the Court orders Ms. Polvanova to respond to Gilead's discovery requests and complete any document productions by January 24, 2025. The Court also orders Ms. Polvanova to appear for her deposition by no later than February 7, 2025.

**B.    Gilead's motion to compel Moses & Singer LLP to respond to subpoenas**

On July 18, 2024, Gilead served Moses & Singer with a subpoena "seeking two categories of specific, nonprivileged information: (1) documents sufficient to show the source of all payments from or on behalf of [Ms.] Polvanova to Moses & Singer, and (2) documents sufficient to show the dates and amounts of all payments from or on behalf of [Ms.] Polvanova received by Moses &

5

Singer" ("the Subpoena"). *See* Dkt. No. 154 at 1. On November 27, 2024, Gilead moved to compel Moses & Singer to respond to the Subpoena. *See* Dkt. No. 154. Ms. Polvanova opposes Gilead's motion.[2] *See* Dkt. No. 162.

### 1. Legal standards

#### a. Fed. R. Civ. P. 26

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain nonprivileged information that it is relevant to "any party's claim or defense and is proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see also Trooper 1 v. New York State Police*, No. 22-CV-893 (LDH) (TAM), 2024 WL 165159, at *4 (E.D.N.Y. Jan. 16, 2024) ("Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, recognizes that '[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case'" (internal citations omitted)); *Johannes*, 2019 WL 1958310, at *3 ("In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case"). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018) (citing *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)). "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).

---

[2] Ms. Polvanova requests that the Court deny Gilead's motion to compel but does not formally move to quash the Subpoena. The Court, however, treats Ms. Polvanova's filing (Dkt. No. 162) as both an opposition to Gilead's motion to compel and a motion to quash.

6

### b. Fed. R. Civ. P. 45

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for production of documents on a non-party. Fed. R. Civ. P. 45(a)(1). Subpoenas served on non-parties are subject to the relevance and proportionality requirements of Rule 26(b)(1). *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *5 (S.D.N.Y. Nov. 30, 2018) (citations omitted) (explaining the relevance requirement of non-party subpoenas); *All Cnty.*, 2020 WL 5668956, at *2 (explaining the proportionality requirement of non-party subpoenas). Rule 45 obligates the Court to modify or quash a subpoena that, *inter alia*, "requires disclosure of privileged or other protected information" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "[T]he party issuing the subpoena bears the initial burden of demonstrating the relevance of the requested documents," and "the party seeking to quash the subpoena bears the burden of demonstrating that one of the grounds for quashing a subpoena applies." *Malibu Media*, 2016 WL 5478433, at *2 (quotations and citations omitted). "The decision to grant or deny a motion to compel 'lies within the sound discretion of the district court.'" *In re Exactech*, 2024 WL 4381076, at *3 (quoting *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126 (JMF), 2016 WL 6779901, at *4 (S.D.N.Y. Nov. 16, 2016)).

### 2. Discussion

Gilead argues that the Subpoena seeks "specific, non-privileged categories of information" that "are relevant to [Ms.] Polvanova's compliance with the Court's Asset Freeze Order and to [Ms.] Polvanova's methods and means for managing her money." Dkt. No. 154 at 1-2. Gilead contends that "[t]he sources of payment for [Ms.] Polvanova's legal fees are likely to lead to the discovery of information regarding [Ms.] Polvanova's funds to purchase counterfeit Gilead-

7

branded medications, the dissipation of proceeds from the sale of counterfeit Gilead-branded medications, and [Ms.] Polvanova's financial connections with her co-conspirators." *Id.* at 1.

Ms. Polvanova argues that "Gilead's request for documents sufficient to show the source of all payments from or on behalf of Ms. Polvanova received by Moses & Singer, and to show the dates and amounts of all payments from or on her behalf is a pure fishing expedition, with a wholly improper purpose meant to harass Ms. Polvanova's friends and relatives, who have no relation to this case." Dkt. No. 162 at 1. Ms. Polvanova argues that "the broad subpoena does not even specify any limited time period, undermining Gilead's claim that the Asset Freeze Order issued on June 18, 2024 is somehow relevant," adding that "[t]he subpoena requests documents and information prior to that Order and prior to the commencement of this case." *Id.*

This Court denies Gilead's motion to compel at this time, without prejudice to renewal. In Gilead's motion, Gilead notes that its "need for this information from Moses & Singer is particularly acute given that [Ms.] Polvanova herself has thus far refused to respond to Gilead's document requests." Dkt. No. 154 at 2. But that assertion may no longer be accurate. In light of Judge Merle's December 17, 2024 order and given the above procedural posture, it is unclear if Ms. Polvanova will still refuse to respond to Gilead's document requests, which presumably seek the same or similar information as set forth in the Subpoena.

Accordingly, the parties are directed to meet and confer to address whether Ms. Polvanova will provide any information in response to Gilead's document requests related to Moses & Singer, or, alternatively, whether Gilead is willing to limit the time period of the information sought, per Ms. Polvanova's request. *See Sire Spirits, LLC v. Green*, No. 21-CV-7343 (JPC), 2023 WL 1516574, at *4 (S.D.N.Y. Feb. 3, 2023) ("As the Court has now denied the motion for a stay, the parties are directed to meet and confer regarding these discovery requests to attempt to resolve all

8

outstanding issues without Court intervention. Sire Spirits's motion to compel is therefore denied without prejudice."). Gilead and Ms. Polvanova shall file a joint status report by January 15, 2025 indicating whether they have reached an agreement; if not, Gilead may file a renewed motion to compel by the same date, with Ms. Polvanova's opposition to be filed by January 21, 2025.

### III. Conclusion

Accordingly, for the reasons set forth above, the Court grants in part and denies in part Gilead's discovery motions.

Dated:   Brooklyn, New York          **SO ORDERED.**
         December 22, 2024

                                     　*/s/ Joseph A. Marutollo*
                                     JOSEPH A. MARUTOLLO
                                     United States Magistrate Judge